**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-651-GPM |
| | ) |
| DR. ADRIAN FEINERMAN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant Adrian Feinerman's motion for summary judgment (Doc. 22). Plaintiff, Michael Thomas, failed to timely respond to the motion for summary judgment, so on March 30, 2011, the Court entered an Order to show cause why Defendant's motion for summary judgment should not be granted (Doc. 25). Plaintiff has failed to respond to the Court's show cause Order. The Court deems that Plaintiff has acceded to the merits of Defendant's motion for summary judgment. *See* FEDERAL RULE OF CIVIL PROCEDURE 56(e) ("If a party…fails to properly address another party's assertion of fact…the court may…consider the fact undisputed for purposes of the motion; grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it"); LOCAL RULE 7.1(c) ("Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.") The Court therefore **GRANTS** Defendant's motion for summary judgment, and this action will be dismissed with prejudice.

## FACTUAL BACKGROUND

While an inmate at Menard Correctional Center, Mr. Thomas claims he suffered from an enlarged prostate and experienced urinary issues and rectal bleeding. Dr. Feinerman treated Mr. Thomas on September 4, 2007, October 12, 2007, and December 6, 2007. According to the examination notes from Mr. Thomas's September 4, 2007 visit, he complained of frequent, urgent urination, but did not complain of blood in his urine. Dr. Feinerman diagnosed Mr. Thomas with benign prostatic hypertrophy and prescribed Hytrin to treat the symptoms of the enlarged prostate. Dr. Feinerman ordered hemoccult tests to test for blood in the stool, which came back positive. At the October 12, 2007 examination, Dr. Feinerman discussed the hemoccult results with Mr. Thomas, ordered a suppository to treat the bleeding and ordered a two-week repeat of the hemoccult test. Dr. Feinerman followed up with Mr. Thomas on December 6, 2007, when he discussed the second round of positive hemoccult results and ordered a sigmoidoscopy (an endoscopic procedure to examine the colon and rectum).

## DISCUSSION

The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to

rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted). "We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case. And by evidence, we mean evidence on which a reasonable jury could rely." *Goodman v. National Security Agency, Inc.,* No. 09-2043, 2010 WL 3447727 (7th Cir. Sept. 3, 2010).

Mr. Thomas claims that Dr. Feinerman was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose. Accordingly, deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011) (internal quotations and citations omitted). Plaintiffs face a high burden in deliberate indifference claims–neither malpractice, negligence, or inadvertence support a successful Eighth Amendment claim, and the plaintiff must show both objectively and subjectively deliberate indifference. *See Id.* at 857-58. Here, Mr. Thomas does not meet that burden. It is clear that Dr. Feinerman treated Mr. Thomas, responded to his complaints, prescribed medication in response to Mr. Thomas's complaints, ordered tests and procedures, and followed-up on test results. The Court has no evidence that Dr. Feinerman's treatment of Mr. Thomas was anything other than professionally acceptable and appropriate. There is no genuine issue of material fact here.

## **CONCLUSION**

Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's complaint (Doc. 1) is **dismissed with prejudice**.

**IT IS SO ORDERED.**

DATED: April 21, 2011

<span style="margin-left:50%">s/ *G. Patrick Murphy*<br>
G. PATRICK MURPHY<br>
United States District Judge</span>