IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-651-GPM |
| | ) |
| DR ADRIAN FEINERMAN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This Court granted summary and final judgment for Defendant in this 42 U.S.C. § 1983 action on April 21, 2011. On May 6, 2011, Plaintiff filed an "affidavit," which the Court construed as a timely motion to alter or amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).

Defendant filed a motion for summary judgment in this action on January 31, 2011. On that date, the motion was mailed to Petitioner at the address Mr. Thomas had provided the Court (Doc. 22). Petitioner failed to respond to the motion for summary judgment by the response date of March 7, 2011 (Doc. 25). On March 30, 2011, the Court granted Mr. Thomas more time to respond when the Court issued a Show Cause Order (Doc. 25). When Mr. Thomas failed to respond to the Show Cause Order, the Court considered the merits of Mr. Thomas's claim and, on April 21, 2011, granted Defendant's motion for summary judgment (Doc. 26).

"Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger,* 633 F.3d 512, 521 (7th Cir. 2011) (internal citations and quotations omitted). Rule 59 movants "bear a particularly

heavy burden". *Marcus & Millichap Inv. Services of Chicago, Inc., v. Sekulovski,* No. 10-1352, 2011 WL 1004697, at *10 (7th Cir. March 23, 2011), *quoting Lewis v. City of Chicago Police Dept.,* 590 F.3d 427, 444 (7th Cir. 2009). In his Rule 59(e) motion, Mr. Thomas does not argue that the Court made any legal error, nor does he provide any new evidence pertinent to reconsideration of the Judgment. He does give an excuse for his failure to respond to Defendant's motion for summary judgment–he claims that he did not receive the motion until April 11, 2011 because he was in solitary confinement (Doc. 28). The fact is that Mr. Thomas had nearly three months to file a response, and he had successfully filed papers throughout the pendency of the suit. While Mr. Thomas's allegation of restricted access to legal mail might state a claim elsewhere, and–if taken as true–could explain why he did not timely respond to the motion, this action was dismissed on the merits, *not* for Mr. Thomas's failure to respond.

Mr. Thomas's contention presents neither new evidence bearing on the merits of his § 1983 claim, nor does it demonstrate any error of law that would call for altering the Judgment. Mr. Thomas's "motion for reconsideration," liberally construed as a motion pursuant to Rule 59(e), is **DENIED**. Mr. Thomas's pending "Motion to Show Cause" is therefore **MOOT.**

**IT IS SO ORDERED.**

DATED: 7/14/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge